IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALAIN J. COHEN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:17CV621 |
| | ) |
| TESLA MOTORS, INC., | ) |
| | ) |
| Defendant. | ) |

**PROPOSED JOINT DISCOVERY PLAN**

The parties, by their counsel, have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to consider the nature and basis of their claims and defenses and the possibilities of a prompt settlement or resolution of the case, and have agreed to the following proposed discovery plan:

1. Counsel for the parties certify that they have conferred prior to this conference to consider claims, defenses, possibilities of a prompt settlement, and to arrange for disclosures required by Rule 26(a)(1) pursuant to Rule 26(f) of the Federal Rules of Civil Procedure

2. <u>Rule 26(a)(1) Disclosures</u>: The parties agree that Rule 26(a)(1) disclosures shall be exchanged on or before Wednesday, July 12, 2017.

3. <u>Nature of Discovery</u>: The parties believe that discovery sought will concern (1) the claims and defenses at issue in this ligation and (2) damages. The parties anticipate that discovery may include document request, interrogatories, requests for admission, fact depositions, and expert discovery.

4. <u>Scope of Discovery</u>: The parties agree that the scope of discovery shall be limited to those topics permissible under Rule 26(b).

5. <u>Limitations on Discovery</u>: The parties agree that, pursuant to the Court's Order of June 7, 2017, Plaintiff and Defendant will each serve no more than thirty (30) interrogatories, including parts and subparts, on the other party, without leave of court, and will not exceed five (5) non-party, non-expert depositions. In the event that either Plaintiff or Defendant anticipates the need to exceed either limit, that party will file an appropriate motion seeking permission from this Court.

6. <u>Experts</u>: the parties agree and request as follows:

   a. Plaintiff shall disclose all expert witnesses and shall provide all expert witness reports required by Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D) on or before Wednesday, August 23, 2017.

   b. Defendant shall disclose all expert witnesses and shall provide all expert witness reports required by Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D) on or before Wednesday, September 20, 2017.

   c. The parties shall disclose all rebuttal expert witnesses and shall provide all rebuttal expert witness reports required by Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D)) on or before Wednesday October 11, 2017.

7. <u>Timing of Discovery</u>: All discovery shall be completed by Friday, October 13, 2017, the close of discovery deadline established by the Court's June 7, 2017 Order. Accordingly, all discovery requests shall be served with sufficient time that responses shall be due on or before the close of discovery deadline of Friday, October 13, 2017.

8. <u>Dispositive Motions</u>: The Defendant's investigations into the merits of Plaintiff's claims are ongoing; accordingly, the Parties are not sure whether either will file a motion for

summary judgment at this time. The parties request that they be allowed to file a dispositive motion no later than Friday, November 3, 2017.

        9.       <u>Preservation:</u> The parties have instructed their clients of their obligations regarding the preservation of discoverable information.

        10.      <u>Electronically Stored Information</u>: The parties have discussed the production of electronically stored information ("ESI") and have agreed that any production may be in either native format, PDF, single-image tiff files with load data and meta-data fields agreed to by the parties, or in the format in which the ESI is kept in the ordinary course of business, at the producing parties' election and discretion, unless such information is specifically requested in native format, in which case the materials shall be produced in that format, subject to objection upon showing that production in native format is overly burdensome when compared to production in PDF format, as single-image tiff files with load data and meta-data fields agreed to by the parties, or in the format in which the ESI is kept in the ordinary course of business.  To the extent that information contained in ESI is or becomes relevant to the proceedings, (*e.g.*, metadata, or other imbedded information), the parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form which does not unduly burden the either party.

        11.      <u>Document Subpoenas</u>: The parties agree that if any documents are received from third parties pursuant to a subpoena, the receiving party shall alert the other party to its receipt of such documents within five business days of receipt and shall make the received documents available for inspection or copying.

        12.      <u>Privilege Logs</u>: A party responding to discovery shall provide a privilege log for all material for which a privilege is claimed. The log will set forth the Bates number (if any) of

the privileged document and include (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion. The parties agree that the inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly on discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B)

13. <u>Protective Order</u>: Counsel agrees to discuss as necessary the entry of a stipulated protective order. The parties will work together to agree on a form for a Protective Order and shall comply with the requirements of the Court.

14. <u>Amendment of Pleadings</u>: The parties do not anticipate requiring exceptions from the Court's normal scheduling procedures regarding the joinder of parties, amendment of pleadings, or filing of motions.

15. <u>Settlement</u>: The parties have engaged in initial discussions regarding the resolution of the claims in this matter and are interested in continuing to discuss settlement.

16. <u>Assignment to Magistrate Judge</u>: The parties do not consent to the jurisdiction of the Magistrate Judge for all proceedings in this matter, except as otherwise required under the Local Rules. However, the parties may request that this case be referred to a Magistrate Judge for settlement discussions.

17. <u>Bifurcation of Trial and/or Discovery</u>: The parties do not request discovery or trial be bifurcated.

Dated:  June 28, 2017

ALAIN J. COHEN,

By Counsel

/s/
Stephen P. Pierce, Esq., VSB #84999
SUROVELL ISAACS & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA  22030
Telephone:  703-251-5400
Facsimile:  703-591-9285
Email: spierce@surovellfirm.com
*Counsel for Plaintiff*

TESLA MOTORS, INC.,

By Counsel

/s/
Michael A. Zito, Esq., VSB #48992
Kelly L. Dawson, Esq., VSB #76655
SHOOK, HARD & BACON L.L.P.
1155 F. Street NW, Suite 200
Washington, DC 20004
Telephone: 202-783-8400
Facsimile: 202-783-4211
Email: MZITO@shb.com
         KDAWSON@shb.com
*Counsel for Defendant*